FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>               Plaintiff,<br><br>    v.<br><br>ZACH MYERS,<br><br>               Defendant. | No. 2:24-CV-00089-MKD<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE<br><br>**ECF No. 1** |

Before the Court is Plaintiff's *pro se* Complaint, filed on March 21, 2024.

ECF No. 1.  By separate Order, the Court granted Plaintiff leave to proceed *in*

*forma pauperis*.  This is the second case Plaintiff has filed in this District this

year.[1]  *See Langworthy v. Perky,* No. 2:24-CV-00060-MKD (E.D. Wash. Feb. 21,

2024).  Having reviewed Plaintiff's Complaint, the Court is fully informed.

---

[1] Plaintiff has filed multiple actions in other courts in recent years.  *See, e.g.,*

*Langworthy v. Clallam Cnty.*, No. 23-35204, 2023 WL 10450437, at *1 (9th Cir.

Dec. 18, 2023) (dismissing appeal as frivolous); *Langworthy v. Settle*, No. 3:24-

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 1

**BACKGROUND**

Plaintiff alleges her right to effective assistance of counsel under the Sixth Amendment of the U.S. Constitution has been violated.  ECF No. 1 at 3.  Plaintiff alleges Defendant Zach Myers is an attorney who was assigned to represent her in "bogus misdemeanor charges from Clallam County".  *Id.* at 4.  Plaintiff alleges that "[Mr. Meyers] has never spoken to [her] nor taken any action in [her] defense" and that "when [she has] attempted to call his office, the receptionist screams at [her] and then hangs up".  *Id.*  Plaintiff claims that she has been unable to set foot on her property in Clallam County, Washington since June of 2022 because of the inaction of Defendant, and that she cannot access her personal items on the property because there are two warrants against her.  *Id.* at 5.

Plaintiff further claims that she cannot obtain her commercial drone license or enter Canada due to the warrants against her, and that she was forced to "flee the

---

CV-05080-SAB, 2024 WL 381148 (W.D. Wash. Feb. 1, 2024); *Langworthy v. App. L. Firm*, No. 2:22-CV-12564, 2023 WL 3186956, at *1 (E.D. Mich. May 1, 2023), *appeal dismissed*, No. 23-1435, 2023 WL 5163989 (6th Cir. May 15, 2023), *and appeal dismissed*, No. 23-1396, 2023 WL 5841955 (6th Cir. June 7, 2023); *Langworthy v. New Mexico State Police*, No. 123CV00684DHUJFR, 2023 WL 6144505, at *1 (D.N.M. Sept. 20, 2023).

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 2

1 State of Washington because of the extraordinary violations of her civil rights." *Id.*

2 Plaintiff alleges that Defendant attempted to withdraw from representing her after

3 being appointed for about a year without seeking leave of the Court, but the Court

4 reappointed him. *Id.* Plaintiff alleges that the "Court is grossly biased against

5 [her]" and the Court reappointed Defendant to continue representing her to thwart

6 her attempts to defend herself. *Id.*

7 In her Complaint, Plaintiff seeks a jury trial, $500,000 in damages, and an

8 injunction requiring Defendant to seek leave of the Court to withdraw from

9 representing her. *Id.* at 7.

**ANALYSIS**

**A. 28 U.S.C. § 1915 Review**

12 When an individual seeks to proceed *in forma pauperis*, the Court is

13 required to review the complaint and dismiss such complaint, or portions of the

14 complaint, if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which

15 relief may be granted; or (iii) seeks monetary relief from a defendant who is

16 immune from such relief." 28 U.S.C. § 1915(e)(2); *Wong v. Bell*, 642 F.2d 359,

17 361-62 (9th Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise

18 to the level of the irrational or the wholly incredible, whether or not there are

19 judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504

20 U.S. 25, 32-33 (1992).

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 3

1      A claim is legally frivolous when it lacks an arguable basis either in law or

2   fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other*

3   *grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

4   banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Therefore, the

5   Court may dismiss a claim as frivolous where it is "based on an indisputably

6   meritless legal theory" or where the "factual contentions are clearly baseless."

7   *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim has

8   an arguable basis in law and fact.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th

9   Cir. 1989), *superseded by statute on other grounds, Lopez*, 203 F.3d at 1130-31;

10  *Franklin*, 745 F.2d at 1227.

11     The facts alleged in a complaint are to be taken as true and must "plausibly

12  give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

13  Mere legal conclusions "are not entitled to the assumption of truth."  *Id.*  The

14  complaint must contain more than "a formulaic recitation of the elements of a

15  cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The

16  complaint must plead "enough facts to state a claim to relief that is plausible on its

17  face."  *Id.* at 570.  Liberally construing the complaint in the light most favorable to

18  Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief

19  may be granted.

20

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 4

1    *1. Ineffective Assistance of Counsel Claim*

2        The issue here is whether Plaintiff has stated a plausible claim that she was

3    denied the effective assistance of counsel.  The Supreme Court has recognized that

4    the Sixth Amendment right to counsel exists and is needed to protect the

5    fundamental right to a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 685

6    (1984).  To prevail on an ineffective assistance of counsel claim, "a defendant must

7    show (1) that an error by counsel was professionally unreasonable and (2) that

8    there was a reasonable probability that but for counsel's unprofessional errors, the

9    *result of the proceeding* would have been different.  A reasonable probability is a

10   probability sufficient to undermine confidence in the outcome." *U.S. v.*

11   *Carmichael*, 372 F. Supp. 2d 1331, 1333 (M.D. Ala. 2005) (citing *Strickland*, 466

12   U.S. at 691-94) (emphasis in original) (quotation marks altered).

13       First, an ineffective assistance of counsel claim cannot be brought in a civil

14   action.  *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  "Claims for ineffective

15   assistance of counsel are not recognized under § 1983, despite the statute's 'literal

16   applicability' to the Sixth Amendment, because specific appellate and habeas

17   statutes apply."  *See id.*  Plaintiff is not bringing a Section 1983 claim here,

18   however the reasoning of *Campbell* forecloses her civil action for ineffective

19   assistance of counsel.

20

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 5

1    Second, criminal defendants must initially seek post-conviction relief in

2  state courts.  *Christensen v. Nguyen*, No. 220CV01770APGDJA, 2020 WL

3  6136220, at *4 (D. Nev. Oct. 19, 2020) (citing *Morgano v. Smith*, 879 P.2d 735,

4  739 n.3 (Nev. 1994) (where instances of alleged negligence are based primarily on

5  the ineffective assistance of counsel, post-conviction proceedings, rather than civil

6  proceedings, provide litigants with a more appropriate forum to present their

7  claims)).  As such, a civil action in federal court is not the appropriate forum for

8  the plaintiff to present her claim.

9    Third, an action for legal malpractice or ineffective assistance of counsel

10  does not accrue until the underlying proceeding or criminal case is resolved.  *Dunn*

11  *v. Christensen,* 2018 WL 615671, at *8 (D. Nev. Jan. 29, 2018).  A criminal

12  defendant cannot state a claim of ineffective assistance of counsel until she has

13  suffered prejudice (*i.e.,* damages), even though she reasonably believes counsel

14  committed errors or omissions during the course of the proceedings.  *Id.* (citing

15  *Clark v. Robinson*, 944 P.2d 788, 790 (Nev. 1997)).  Supreme Court precedent

16  shows that an ineffective assistance of counsel claim must be raised in direct

17  appeals, post-conviction, or habeas corpus proceedings.  *See Campbell*, 541 U.S. at

18  643; *accord Carmichael*, 372 F. Supp. 2d at 1333 (discussing that claims for

19  ineffective assistance of counsel can only be raised in post-conviction proceedings

20  because the very standard used to evaluate such claims presupposes that the claim

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 6

1   is raised post-trial).  Here, Plaintiff asserts an ineffective assistance of counsel

2   claim without alleging any facts that her criminal trial has concluded, or even that

3   she will proceed to trial on any charges.

4        Putting aside the fact that Plaintiff's claim is premature, she has not stated a

5   plausible claim for relief.  Even construing the sparse facts liberally in favor of

6   Plaintiff, the Court cannot determine how Defendant allegedly deprived Plaintiff of

7   any rights.  Plaintiff claims that Defendant is an attorney who was appointed to

8   defend her against "bogus misdemeanor charges" in Clallam County, Washington.

9   ECF No. 1 at 4.  However, she has not provided a case number, specified what the

10  charges were, what stage the proceedings are in, or provided any facts to support

11  her contention that Defendant was appointed to defend her against such charges.

12  *See id.* at 7.  Plaintiff claims that she has been forced to "flee the State of

13  Washington because of the extraordinary violations of her civil rights" but does not

14  specify why she has had to flee the state or which of her civil rights were violated.

15  *See id.*  Last, Plaintiff claims that the "Court" is "grossly biased" against her and is

16  conspiring to thwart her attempts to defend herself by reappointing Defendant to

17  represent her.  *See id.*  It is not clear which court she refers to, nor does she allege

18  any facts supporting the assertion that a court is conspiring against her.  *See id.*

19  Plaintiff has not demonstrated that Defendant has violated any of her federal

20  constitutional rights.

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 7

1    Further, Plaintiff's claims are mere legal conclusions as she states Defendant

2  has deprived her of her rights and caused damages but does not plead enough facts

3  to state a claim to relief that is plausible on its face.  *See* ECF No. 1; *see Iqbal*, 556

4  U.S. at 664; *see also Twombly*, 550 U.S. at 555.  Her legal conclusions are not

5  entitled to the presumption of truth.  *Iqbal*, 556 U.S. at 664.  In sum, Plaintiff has

6  not demonstrated that this Court has jurisdiction over the case, nor has Plaintiff

7  stated a plausible claim.  As such, the Court must dismiss the case with prejudice

8  pursuant to 28 U.S.C. § 1915.

9    The Court declines to grant Plaintiff an opportunity to amend.  Unless it is

10  clear that an amendment would be futile, a *pro se* litigant must be given the

11  opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*,

12  809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28

13  U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

14  2012).  Plaintiff cannot overcome the fact that the Sixth Amendment does not

15  create a civil cause of action, nor could she cure the fact that her ineffective

16  assistance of counsel claim was premature by alleging further facts.  As the

17  deficiencies cannot be cured, allowing amendment would be futile.  Fed. R. Civ. P.

18  15(a)(2); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing

19  *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

20

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 8

1        Accordingly, **IT IS HEREBY ORDERED**:

2        1.  Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED WITH**

3    **PREJUDICE.**

4        **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order,

5    provide copies to *pro se* Plaintiff, and **CLOSE** the file.

6        DATED April 16, 2024.

7                      *s/Mary K. Dimke*
                      MARY K. DIMKE
8              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE - 9